# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 4, 2013

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DANNY RAY REED,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1103**  (BOR Appeal No. 2046936)
(Claim No. 2001031690)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**R & S COAL COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Danny Ray Reed, by Gregory S. Prudich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jay W. Craig, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 22, 2012, in which the Board affirmed a February 22, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges modified the claims administrator's June 3, 2011, decision granting authorization for Mr. Reed to begin a weaning and tapering program for Lexapro, Klonopin, and Ambien. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 6, 2000, Mr. Reed sustained an injury to his lower back while using a slate bar in the course of his employment with R & S Coal Company, Inc. The claim was held

1

compensable for displacement of a lumbar intervertebral disc. The Office of Judges modified the claims administrator's decision to the extent that Lexapro should not be included as part of the tapering and weaning program, and affirmed the remainder of the claims administrator's decision. On January 27, 2010, Dr. Robertson concluded that it would be possible at some point to gradually wean Mr. Reed from some of his medications, but it could not be done abruptly. On January 31, 2011, Dr. Faheem recommended that Mr. Reed should be tapered and weaned off Klonopin and Ambien but continue taking Lexapro on an ongoing basis.

On appeal, Mr. Reed disagrees and asserts that Klonopin and Ambien are medically necessary and reasonable treatment for his compensable injury and that the weaning and tapering is not medically appropriate because it increased his symptoms and decreased his functioning. The West Virginia Office of Insurance Commissioner maintains that the Board of Review was not clearly wrong, and asserts that Mr. Reed argues on the merits of the entire case but fails to identify any "material misstatement or mischaracterization" of the record, or a "clear violation of [a] constitutional or statutory provision."

The Office of Judges concluded that the evidence suggests a tapering and weaning program should be ordered. Dr. Faheem specifically recommended the tapering and weaning for Klonopin and Ambien, but excluded Lexapro. Dr. Robertson stated in his deposition that a tapering and weaning program was not a bad idea since the medications were potentially habituating and potentially had adverse effects. He cautioned that the process of tapering and weaning should proceed slowly to determine Mr. Reed's tolerance to lower levels of the medications. There is no medical evidence supporting the claims administrator's decision to taper and wean Lexapro. Ultimately, the Office of Judges held that Mr. Reed would begin a weaning and tapering program for Ambien and Klonopin. The Board of Review reached the same reasoned conclusions in its decision of August 22, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 4, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2